IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00303-RBJ-MEH

ST. PAUL SOBER LIVING, LLC,
CHRIS EDRINGTON,
DONALD EDRINGTON,
ADAM TIPTON, and
ALEX COLINS,

       Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS, GARFIELD COUNTY, STATE OF COLORADO, a political subdivision of the State of Colorado, and
SPRING VALLEY SANITATION DISTRICT, a Colorado metropolitan district,

       Defendants.

## ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' (Second) Motion for Leave to File Their Second Amended Complaint [filed December 6, 2011; docket #48]. The motion has been referred to this Court for disposition [docket #49]. Because the second amended complaint pertains only to Defendant Spring Valley Sanitation District ("SVSD"), only SVSD has filed a response [docket #50]. Plaintiffs did not file a reply. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, Plaintiffs' motion is **granted**.

**I.**     **Background**

The Plaintiffs in this case are residents and owners of a dwelling utilized by St. Paul Sober Living ("SPSL") to provide housing for recovering alcoholics and substance abusers. (Docket #48, 2.) The dwelling at issue is located at 31 Elk Springs Drive in Glenwood Springs, Colorado in an area allegedly zoned for single family use. (*Id.* at 3.) Because the residents of SPSL are not related,

this zoning designation threatens the continued operation of the facility. (*Id.*)  Although Plaintiffs have attempted to amend the zoning code to permit a conditional use exception for the operation of a "sober house," Defendant Board of County Commissioners for Garfield County, Colorado ("BOCC") allegedly denied the proposed amendment. (*Id.*)  Plaintiffs filed this lawsuit against BOCC on February 4, 2011, arguing that the denial of the amendment and the existing zoning practices violate the Americans with Disabilities Act, 42 U.S.C. § 1201 *et seq.* ("ADA"), and the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.* ("FHA").  (Docket #1.)

On June 15, 2011, Plaintiffs received leave from the Court to file a first amended complaint adding SVSD as a defendant. (Docket #20.)  Plaintiffs' claims against SVSD are also based on the ADA and FHA, but pertain to SVSD's decision to calculate SPSL's tap fees using an "actual usage" rate. (*Id.* at 16-17.)  Plaintiffs assert that single family homes are typically assessed a flat fee, and allege that the decision to charge Plaintiffs based on actual usage was motivated by discrimination. (*Id.*)

Pursuant to the Scheduling Order issued by this Court on August 8, 2011, the deadline for joinder of parties and amendment of pleadings was September 2, 2011. (Docket #36.)  One day before the deadline, on September 1, 2011, Defendant SVSD filed a motion to dismiss Plaintiff's first amended complaint.  Plaintiffs requested and received an extension of time to respond to SVSD's motion up to and including October 3, 2011. (*See* docket #39.)  In lieu of responding directly to the motion, Plaintiffs moved to file a second amended complaint with additional facts regarding SVSD. (Docket #42.)  However, the Court denied Plaintiffs' motion to file a second amended complaint without prejudice because the document Plaintiffs attached indicated that it was the first, rather than the second, amended complaint. (Docket #47.)

Almost a month later, Plaintiffs filed the instant motion, again seeking leave to file a second

2

amended complaint. (Docket #48.) Plaintiffs concede that their motion was prompted by SVSD's motion to dismiss, and assert that additional facts are necessary to address SVSD's arguments and to provide historical context for SVSD's decision to charge SPSL for water based on actual usage. (*Id.* at 6.) According to Plaintiffs, these additional facts will show discrimination on the part of SVSD and ultimately fulfill the pleading requirements established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (*Id.* at 7.)

In opposition, Defendant SVSD advances two arguments. First, SVSD notes that Plaintiffs' motion is untimely because it was filed over a month after the deadline for amendment of pleadings and is not based on newly acquired information. (Docket #50 at 5.) Second, SVSD argues that filing a second amended complaint would be futile because even with additional facts, Plaintiffs claims are subject to dismissal. (*Id.* at 5-6.)

**II.   Discussion**

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the comments accompanying the 2009 amendments to Rule 15, the Advisory Committee notes that the changes to the Rule were designed, in part, to "force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in [a] motion [under Rule 12(b), (e), or (f)]." Ultimately, "[a] responsive amendment may avoid the need to decide the motion or reduce

the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim." Fed. R. Civ. P. 15 advisory committee's note, 2009 amends.

    A.    <u>Undue Delay</u>

Defendant SVSD argues that Plaintiffs' second amended complaint is untimely in light of the September 2, 2011 deadline for amendment of the pleadings. SVSD notes that Plaintiffs have not shown that the additional facts they seek to add were unknown and could not have been known prior to the expiration of the deadline.

Although Plaintiffs do not provide a specific reason why they failed to include additional facts about SVSD in their first amended complaint, it does not appear the omission was made in bad faith. It is more likely that Plaintiffs did not know that such facts would be necessary until the day before the deadline when SVSD filed its motion to dismiss. Plaintiffs sought leave to file a second amended complaint approximately a month later, on the same day their response to SVSD's motion to dismiss was due. In light of the 2009 comments to Rule 15, which contemplate the amendment of pleadings as a way to avoid more extensive adjudication under Rule 12, Plaintiffs' attempt to file a second amended complaint approximately a month after SVSD's motion to dismiss is consistent with the intent of the Rule. Although untimely, Plaintiffs' motion to file a second amended complaint is not unduly delayed, and does not warrant a departure from the liberal standard for amendment of pleadings set forth in Rule 15(a).

    B.    <u>Futility</u>

In addition to asserting that the amendment is untimely, Defendant SVSD also argues that the amendment proposed by Plaintiffs would be futile. Specifically, SVSD notes that its motion to dismiss is premised, in part, on the fact that SPSL was required to pay additional tap fees because its measured sewer use exceeded that of a single family residence. SVSD maintains that because

neither the disability of Plaintiffs nor the use of SPSL as a sober living facility motivated the decision to alter the tap fee, amending the complaint to include such facts would not affect the District Court's analysis of its motion to dismiss.

Whether amendment is futile depends, of course, on the additional facts Plaintiffs seek to include. In this case, the second amended complaint Plaintiffs propose contains information regarding Gary McElwee, an elected director of SVSD. (Docket #48-1, 16.) Mr. McElwee's interest in SPSL appears to arise from his position as president of the home owners' association governing the 31 Elk Springs Drive dwelling. (*Id.*) Plaintiffs describe comments made by Mr. McElwee regarding SPSL which indicate his knowledge of and potential disagreement with the operation of the dwelling as a sober house. (*Id.*) Importantly, Plaintiffs also state that Mr. McElwee sat as a voting member of SVSD during the time at which SVSD discussed tap fees for 31 Elk Springs Drive. (*Id.*) Based on these facts, the Court cannot agree with SVSD that the information contained in the second amended complaint will "in no way affect the analysis" of the pending motion to dismiss. (Docket #50 at 6.) Rather, Mr. McElwee's interest in the operation of SPSL, combined with his position as an elected director of SVSD during the time at which the alleged discrimination occurred, are facts that increase the plausibility of Plaintiffs' claims. Given the nature of the additional facts, the Court concludes their addition would not be futile.

Because Plaintiffs' second amended complaint is not unduly delayed and because the additional facts Plaintiffs include may affect the District Court's analysis of a motion to dismiss, the Court determines that justice requires leave to amend. *See* Fed. R. Civ. P. 15(a). In addition, though Plaintiffs do not address Rule 16 in their motion, the Court must also consider whether Plaintiffs have shown good cause to amend the scheduling order to allow for the amended pleading. *See* Fed. R. Civ. P. 16. Based on the above, the Court finds good cause exists to modify the deadline

for amendment of pleadings. Thus, the deadline for amendment of pleadings in this case is extended to December 6, 2011, the date on which Plaintiffs filed this motion.

### III. Conclusion

For the reasons stated above, Plaintiffs' (Second) Motion for Leave to File Their Second Amended Complaint [filed December 6, 2011; docket #48] is **granted**. The Clerk of the Court is directed to file Plaintiffs' Second Amended Complaint, which is attached to Plaintiffs' motion as Exhibit 1 [docket #48-1]. In the interest of judicial efficiency and maintaining a consistent docket, both Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 17th day of January, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge