IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-00303-RBJ-MEH

ST. PAUL SOBER LIVING, LLC,
CHRIS EDRINGTON,
DONALD EDRINGTON
ADAM TIPTON, and
ALEX COLINS,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, GARFIELD COUNTY, STATE OF COLORADO, a political subdivision of the State of Colorado,

    Defendant.

## AMENDED[1] ORDER on PERMANENT INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(d), this permanent injunction is issued following a jury trial. The jury returned a verdict in favor of the plaintiffs. The jury found that defendant, Board of County Commissioners, Garfield County, violated the Fair Housing Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq., in the manner in which it enforced its zoning code against the plaintiffs. Specifically, the jury found that the handicap of the residents of the sober house in Elk Springs, Garfield County, Colorado was a motivating factor for the Board's application of the zoning code; that St. Paul Sober Living, LLC had also proven its retaliation claim against the Board; and that the Board's discriminatory conduct proximately caused St. Paul Sober Living, LLC to sustain money damages in the amount of

---

[1] Amended to correct a typographical error in the caption.

$400,000. The jury did not award compensatory damages to the individual plaintiffs, instead awarding each of them nominal damages in the amount of $1.00.

After the verdict was taken and the jury was discharged, counsel for the plaintiff made an oral motion that the Court enter a permanent injunction against the Board of County Commissioners "to prevent them from enforcing their zoning code in any way, shape, or form against St. Paul Sober Living." Transcript, December 21, 2012 [#154] at 37 (page 769 of the trial transcript).[2] Defense counsel suggested that injunctive relief should be resolved in the state court case. The Court did not agree but stated, "Well, what has happened here is that the jury has found that there was discrimination. I think we need to be a little bit careful about how that injunctive order is worded." *Id.* Plaintiffs' counsel indicated that he would submit a proposed written order. *Id.* The Court then added, "But it is clear to me and I will order, subject to a -- the submission of a written proposed order that should be submitted to the defense counsel first and approved, at least as to form, that the Board of County Commissioners must be and now is enjoined from enforcing its zoning code in a way that would require the sober living house to be removed." *Id.* at 37-38 (transcript pages 769-70).

While the parties were negotiating the form of a permanent injunction, the Board treated the Court's oral order as a "temporary injunction" and represents that it fully complied with it. The parties were unable to agree on a form of permanent injunction order. In fact, nothing was submitted, either jointly or separately, for approximately six months. Finally, the Board submitted its proposal [#194], followed a day later by the plaintiffs' filing their proposal [#195]. The crux of the disagreement regarding the form of the permanent injunction is one of scope. The plaintiffs ask that the order specify that the Board be "enjoined and prohibited from enforcing its zoning code in a manner that would require the sober living house located at 31 Elk

---

[2] The transcript is erroneously dated December 20, 2012.

2

Springs Drive, Glenwood Springs, Colorado to be closed." Apparently fearful that that broad language would unduly tie the Board's hands, the Board proposes milder language, i.e., that it be "enjoined and prohibited from enforcing its zoning code in a manner that is in violation of the Federal Fair Housing Act."

Perhaps no matter what language is written into an order, the ingenuity of counsel, on either side, might find room for a construction that fits the needs of the moment. The safest course, therefore, is to express the Court's intent, and then to hazard an attempt at language that will reflect it. The Court's intent is that the sober house not be discriminated against because of the handicaps of its residents. The Court's intent is that the facts that the residents are recovering alcoholics or drug abusers, and that there are several of them (in this house, apparently up to 10 at a time of them) residing together in the house, not be cited as reasons under the County's rules and regulations to order that they may not continue to reside in at that property, in that location. Of course the Court's intent is also, as the Board's proposal states, that the County will not enforce its zoning code in a manner that violates the Fair Housing Act. There really is no need for an injunction so worded, because the Fair Housing Act requires this, injunction or not. But, as we have seen, what the Fair Housing Act requires can be seen as a matter of interpretation, and the Court's intent is not to rest this order on so potentially a slippery slope.

By the same token, the Court's intent is not to impose an absolute bar against the County's taking necessary, reasonable and responsible action so long as it is not a pretext for discriminatory conduct. Suppose, for example, contrary to the manner in which the house has operated during past years, the behavior of the residents deteriorated to the point that the sober house became a hotbed of illegal activity or a public nuisance posing significant risks to the health or safety of others who live in the neighborhood. The Court's intent is not to preclude

prudent governmental action. The Court's intent is to make it clear that that action may not be based on the residents' handicaps or the irrational fears or prejudices of others.

With those expressions of intent in mind, the Court now permanently enjoins the Board of Directors of Garfield County, and its officers, agents, servants, employees, representatives, attorneys, and all other individuals or agencies working under the direction or supervision of the Board, from enforcing its zoning code or other land use rules or regulations in a manner that discriminates against the owners, operators or residents of the sober house located at 31 Elk Springs Drive, Glenwood Springs, Colorado because of the handicaps of the residents. This order includes, but is not limited to, discriminatory or retaliatory actions based upon the sober house's having multiple residents, up to ten residents at any one time including one supervisor; interfering with the sober house's desire to remain at its present location; and any other conduct that coerces, intimidates, threatens or otherwise interferes with the ability of the sober house and its residents in the exercise and enjoyment of their rights under the Fair Housing Act.

DATED this 17th day of September, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge